Rodney DERRICKSON, Appellant

v.

Robert W. MEYERS; the District Attorney of the County of Delaware; the Attorney General of the State of Pennsylvania.

No. 04–4497.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) April 27, 2006.

Opinion filed May 1, 2006.

Salvatore C. Adamo, Philadelphia, PA, for Rodney Derrickson.

A. Sheldon Kovach, Office of District Attorney, Media, PA, for Robert W. Meyers, DA Delaware County and Atty. Gen. Pennsylvania.

Before AMBRO and FUENTES, Circuit Judges, and IRENAS,* District Judge.

## OPINION

AMBRO, Circuit Judge

Rodney Derrickson appeals the denial of a writ of *habeas corpus* by the United States District Court for the Eastern District of Pennsylvania and alleges ineffective assistance of both trial and appellate counsel. For the reasons below, we affirm the order of the District Court.[1]

## I.

As we write solely for the parties, we discuss only those facts necessary to our decision. Following a hung jury in his first trial, Derrickson was convicted in Pennsylvania of second degree murder, aggravated assault, reckless endangerment, possession of an instrument of crime, and robbery. He was sentenced to life imprisonment.

The following three facts are relevant to this appeal. First, the robbery charge was initially dismissed following the preliminary hearing, but the Commonwealth filed a petition for special leave to amend the information, and after a hearing, the charge was reinstated. The decision to reinstate the charge was not challenged on direct appeal.

Second, at trial the prosecution sought to prove the robbery charge with the testimony of witness Mark Harris, who stated that Derrickson told the murder victim to "give me your money." This statement was inconsistent with Harris' testimony at the preliminary hearing, and when confronted, Harris agreed that his prior sworn statements were accurate. Harris also suggested that the police detectives had told him what to say on the stand. Third, during summation the prosecutor stated: "I'm asking you, ladies and gentlemen, now to follow the example of [a lifelong friend of Derrickson who testified against him at trial] to do your duty and I ask you to find Rodney Derrickson guilty of First Degree Murder and Robbery."

Derrickson alleges ineffective assistance of counsel on three grounds: (1) the failure to challenge the reinstatement of the robbery charge; (2) the failure to cross-exam-

---

* Honorable Joseph E. Irenas, Senior District Judge for the District of New Jersey, sitting by designation.

1. The District Court had jurisdiction over this matter pursuant to 28 U.S.C. § 2254 and we have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291.

ine Harris adequately regarding his prior inconsistent statements; and (3) the failure to object to the prosecutor's summation. In addition to asserting ineffectiveness on the part of trial counsel for making these alleged errors, Derrickson also alleges ineffectiveness on the part of appellate counsel for failing to challenge these errors on appeal.

## II.

To decide this case, we refer to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which, in relevant part, provides that

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1). A state court decision is contrary to Supreme Court precedent under § 2254(d)(1) where the state court reached a " 'conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts.' " *Marshall v. Hendricks,* 307 F.3d 36, 51 (3d Cir.2002) (quoting *Williams v. Taylor,* 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)). A state court decision is an unreasonable application under § 2254(d)(1) if the court identifies the correct governing legal rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular case or if the state court either unreasonably extends a legal principle from the Supreme Court's precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Gattis v. Snyder,* 278 F.3d 222, 228 (3d Cir.2002). A federal habeas court must presume that a state court's findings of fact are correct. *See* 28 U.S.C. § 2254(e)(1). The petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. *Id.*

Sixth Amendment claims of ineffective assistance of counsel are governed by the familiar two-prong test of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under the first prong, Derrickson must show that counsel's performance was deficient. The proper standard for attorney performance is that of "reasonably effective assistance"—Derrickson must show that counsel's representation fell below an objective standard of reasonableness considering all the circumstances. *Strickland,* 466 U.S. at 687–88, 104 S.Ct. 2052. Counsel's reasonableness must be assessed on the facts of the particular case, viewed as of the time of counsel's conduct. *Id.* at 689, 104 S.Ct. 2052. *Strickland'*s second prong requires the defendant to show that "the deficient performance prejudiced the defense." *Id.* at 687, 104 S.Ct. 2052. The prejudice component requires Derrickson to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052.

## III.

*1. Reinstatement of the Robbery Charge*

▪ Derrickson argued that the trial court did not have jurisdiction to reinstate

a charge not proven at the preliminary hearing, and thus it was unreasonable for his attorney not to challenge the robbery charge on appeal. The Superior Court recognized that a challenge to an amended information must be analyzed under Pennsylvania Rule of Criminal Procedure 229,[2] which appears to prohibit the addition of a new charge. The Court noted, however, that Pennsylvania case law has interpreted this rule in light of its fundamental purposes: to place a defendant on notice of the criminal conduct of which he is accused and to avoid prejudicing his defense by the last-minute additions of substantive changes of which he is uninformed. *See Commonwealth v. Grekis*, 411 Pa.Super. 513, 601 A.2d 1284, 1289 (1992). Thus, where the initial information charges an offense that involves "the same basic elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information, ... the defendant is deemed to have been placed on notice regarding his alleged criminal conduct." *Commonwealth v. Stanley*, 265 Pa.Super. 194, 401 A.2d 1166, 1175 (1979).

The Superior Court found that, *inter alia*, the robbery charge arose out of the same set of facts as the murder charge, and Derrickson had five months from the date of the hearing where the robbery charge was reinstated to prepare for trial. Accordingly, there was sufficient notice of the charges and no eleventh-hour additions. Moreover, the Court concluded that Derrickson was not prejudiced by the amendment because his defense to the murder charge, an alibi, was equally applicable to the robbery charge. The Superior Court concluded that a direct appeal of the issue would have been meritless and thus, Derrickson's counsel was not ineffective for failing make such an appeal.

We affirm the District Court's conclusion that this decision was not contrary to, or an unreasonable application of, federal law. Specifically, in light of the conclusion that an appeal of the robbery charge reinstatement would have been without merit, the holding that the failure to raise the issue could not constitute ineffective assistance was not an unreasonable application of *Strickland*. Trial counsel cannot be deemed ineffective for failing to pursue a meritless claim. *Parrish v. Fulcomer*, 150 F.3d 326, 328 (3d Cir.1998).

### 2. Cross–Examination of Harris

■ Derrickson argued that trial counsel should have explored, through cross-examination, the claim that Harris had been coached. The Superior Court concluded that Derrickson's claim failed to satisfy the requirements of *Commonwealth v. Roberts*, 545 Pa. 460, 681 A.2d 1274, 1276 (1996), in that he had not shown how he was prejudiced by counsel's cross-examination as conducted. The Court found there was no reason to question Harris regarding possible coaching because (a) there were other eyewitnesses who testified that Derrickson shot the victim, (b) when confronted with his previous testimony, Harris admitted that it was accurate, and (c) the conflicting statements were brought to the jury's attention and it chose to believe the inculpatory testimony.

---

2. Former Rule 229, renumbered Rule 564 and amended March 1, 2000, effective April 1, 2001, states that

> [t]he court may allow an information to be amended when there is a defect in form, the description of the offense(s), the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense. Upon amendment, the court may grant such postponement of trial or other relief as is necessary in the interests of justice.

We affirm the District Court's conclusion that this decision was not contrary to, or an unreasonable application of, federal law. The Superior Court's test for prejudice is indistinguishable from the prejudice analysis in *Strickland.* *See* 466 U.S. at 687, 104 S.Ct. 2052. Moreover, in light of the state court's determination that there were other eyewitnesses to the murder and Harris admitted his prior testimony (inculpating Derrickson) was accurate, the finding of no prejudice was not an unreasonable application of *Strickland.* *Id.* at 694, 104 S.Ct. 2052 (requiring defendant to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").

## 3. *The Prosecutor's Summation*

■ Derrickson argued that the prosecutor's closing comment was a misstatement of the duty of the jury and deprived him of a fair trial. The Superior Court cited *Commonwealth v. Young,* 692 A.2d 1112, 1116 (Pa.Super.Ct.1997), for the proposition that a prosecutor's comments cannot constitute reversible error unless they "mislead or inflame the jurors" such that they cannot render a "dispassionate verdict." The Court found that the prosecutor was simply requesting the jury to do their duty of rendering a fair and impartial verdict, and that the comment did not "mislead or inflame" the jurors.

We affirm the District Court's conclusion that this decision was not contrary to, or an unreasonable application of, federal law. The standard applied by the Superior Court was consistent with Supreme Court's holding that, in considering whether prosecutorial comments are reversible error, the "question is whether the prosecutors' comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright,* 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (internal quo-

tation marks and citations omitted); *see id.* at 181–82, 106 S.Ct. 2464 (finding no error when "prosecutors' argument did not manipulate or misstate the evidence, nor did it implicate other specific rights of the accused"). Furthermore, Derrickson has not presented any evidence that the Superior Court's conclusions as to the import and influence of the prosecutor's statements were incorrect.

\* \* \* \* \*

For the reasons stated herein, we affirm the order of the District Court denying Derrickson's petition for a writ for *habeas corpus.*