

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-2-2008

# USA v. Berry

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4582

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Berry" (2008). *2008 Decisions*. Paper 171.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/171

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4582

UNITED STATES OF AMERICA

v.

LEROY BERRY,
Appellant

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 02-cr-00093-14)
District Judge: Honorable Donetta W. Ambrose

Submitted Under Third Circuit LAR 34.1(a)
December 1, 2008

Before: AMBRO, WEIS, and VAN ANTWERPEN, Circuit Judges

(Opinion filed December 2, 2008 )

OPINION

AMBRO, Circuit Judge

Leroy Berry pled guilty to one count of conspiracy to distribute and possess with

intent to distribute one kilogram or more of heroin, five kilograms or more of cocaine,

and/or fifty grams or more of cocaine base. The District Court sentenced Berry to a term

of 135 months' imprisonment and five years of supervised release. Berry then filed a timely *pro se* motion to vacate his sentence, pursuant to 28 U.S.C. § 2255, in which he argued that his sentencing counsel was ineffective for failing to request a downward adjustment to account for Berry's alleged minor/minimal role in the crime.[1] The District Court denied the motion to vacate on the ground that a motion for such a downward adjustment would have been meritless, and therefore counsel's failure to make such a motion was not ineffective assistance of counsel. On appeal, Berry argues that the District Court misapplied our Court's holding in *United States v. Headley*, 923 F.2d 1079, 1084 (3d Cir. 1991), and thus mistakenly concluded that a minor/minimal role adjustment was unwarranted. We have jurisdiction under 28 U.S.C. § 1291, and will affirm the District Court's ruling.

## I. Standard of Review

We exercise plenary review over the legal component of a claim of ineffective assistance of counsel. *See United States v. Smack*, 347 F.3d 533, 537 (3d Cir. 2003). We review the underlying facts for clear error, and exercise independent judgment over whether these facts show ineffective assistance of counsel. *See id.*

---

[1] In his initial § 2255 motion, Berry presented two additional claims. First, he argued that his due process rights, under the Fifth Amendment to the United States Constitution, had been violated by the use at sentencing of prior state convictions that were not the result of grand jury indictments. Second, he argued that he received ineffective assistance of counsel because his sentencing counsel failed to object to the use of those prior state convictions. The District Court rejected both claims, and we granted a certificate of appealability only with regard to Berry's third argument that counsel was ineffective for failing to seek a downward adjustment to account for Berry's alleged minor/minimal role in the offense.

**II. The Evidence Supports the District Court's Finding that Berry Did Not Play a Minor or Minimal Role**

In order to make out a claim of ineffective assistance of counsel, Berry must show (1) that counsel's performance was deficient, *i.e.*, unreasonable under prevailing professional standards, and (2) that he was prejudiced by counsel's deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Notably, counsel is not ineffective for failing to raise meritless claims. *See Parrish v. Fulcomer*, 150 F.3d 326, 328 (3d Cir. 1998).

The United States Sentencing Guidelines allow district courts to reduce the sentence of those offenders who play only a minor or minimal role in the offense.[2] Such reductions should be reserved for those defendants who are "substantially less culpable than the average participant." *See Headley*, 923 F.2d at 1084. In *Headley*, the defendant acted on several occasions as a courier for a drug organization that operated in Miami, Brooklyn, and Philadelphia. *See id.* at 1081. She transported drugs from Brooklyn

---

[2]Section 3B1.2 states:

> Based on the defendant's role in the offense, decrease the offense level as follows:
>
> (a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.
>
> (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.
>
> In cases falling between (a) and (b), decrease by 3 levels.

UNITED STATES SENTENCING GUIDELINES MANUAL § 3B1.2 (1998).

(where she lived) to Philadelphia (the epicenter of the conspiracy where the drugs were packaged and sold). *See id.* Because Headley was a mere courier who lived well outside Philadelphia, we recognized that counsel was on notice that she may have been substantially less culpable than her co-defendants. *See id.* at 1084. Under those circumstances, we held that counsel's performance was deficient for failing to move for a § 3B1.2 downward adjustment.[3] *See id.*

*Headley* set out the following factors for evaluating the appropriateness of such an adjustment: "the culpability of a defendant courier must depend necessarily on such factors as the nature of the defendant's relationship to other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise." *See id.* (quoting *United States v. Garcia*, 920 F.2d 153, 155 (2d Cir. 1990)). These factors assess the defendant's "involvement, knowledge and culpability" in the offense, and thus are relevant not just to drug courier cases like *Headley*, but to all cases involving a § 3B1.2 adjustment. *See United States v. Isaza-Zapata*, 148 F.3d 236, 239 (3d Cir. 1998). Because § 3B1.2 is ultimately concerned with the defendant's relative culpability, when applying the *Headley* factors district courts must compare the defendant's involvement, knowledge and culpability with that of the other participants in the criminal conduct. *See id*.

Berry argues that the District Court mistakenly compared his culpability to that of

---

[3]In *Headley*, we did not determine whether such a downward adjustment was warranted. We merely decided that counsel's failure to move for an adjustment at sentencing was professionally unreasonable. *See Headley*, 923 F.2d at 1084.

4

the defendant in *Headley*, as opposed to comparing his (Berry's) culpability to that of his co-offenders. He further argues that had the Court properly applied *Headley*, it would have found a § 3B1.2 adjustment warranted. We disagree with both contentions.

We do not read the opinion cited by Berry, *United States v. Berry*, Crim. No. 02-93-14, slip op. at 6-8 (W.D. Pa. July 6, 2005), as indicating that the District Court directly compared his culpability to that of Headley. Instead, the Court properly compared Berry to his co-conspirators. *See id.* This comparison of culpability showed that, unlike in *Headley* (where the defendant may have been substantially less culpable than her co-conspirators because of her courier status and her geographic distance from the epicenter of the conspiracy), in this case Berry's role in the offense reflected a high level of knowledge and involvement.

Although not framed in *Headley* terms,[4] the District Court found ample evidence to suggest that Berry was not substantially less culpable than the average participant in the offense. Of particular relevance to this inquiry, the Court found that: (1) Berry assisted Donald Lyles, the "kingpin" of the crime organization, in distributing heroin; (2) he collected money for Lyles; (3) he sent another individual to receive a large delivery of drugs; (4) he sold heroin to customers of his own; (5) and he lived in Pittsburgh, the center of the drug conspiracy. *See Berry*, Crim. No. 02-93-14, slip op. at 6-8. Indeed, the

---

[4]The fact that the District Court did not explicitly mention the *Headley* framework is irrelevant. We have refused to elevate the form of a district court's § 3B1.2 analysis over its substance. *See, e.g., United States v. Carr*, 25 F.3d 1194, 1208 (3d Cir. 1994) (affirming court's ruling despite its failure to use *Headley* framework).

5

uncontested evidence presented at the sentencing hearing, along with the information contained in the also-uncontested Presentence Report, support the District Court's finding. *See id.* at 8.

Because the District Court properly applied the *Headley* factors, and the evidence clearly indicates that Berry was not a minor/minimal participant in the offense, a motion for a downward adjustment under § 3B1.2 would not have succeeded. Accordingly, counsel's performance was not deficient for failing to make such a motion.[5] For these reasons, we affirm the District Court's denial of Berry's motion to vacate.

---

[5]Because we determine that Berry has failed to show counsel's performance was deficient, we need not reach the issue of whether he was prejudiced.