**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4532
_____

TORREY B. REAL,

Appellant

v.

SUPERINTENDENT SHANNON; THE ATTORNEY
GENERAL OF THE STATE OF PENNSYLVANIA;
FIRST DEPUTY PROSECUTOR
YORK COUNTY DISTRICT ATTORNEY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 07-cv-00733)
District Judge:  The Honorable Richard P. Conaboy
_____

Argued January 25, 2010

Before: FUENTES and FISHER, <u>Circuit Judges</u>, and
DIAMOND,[*] <u>District Judge</u>.

(Filed:  March 3, 2010)

Diana Stavroulakis, Esq.[ARGUED]
262 Elm Court
Pittsburgh, PA 15237

<u>Counsel for Appellant</u>

Jeffrey F. Boyles, Esq.[ARGUED]
David J. Maisch, Esq.
Office of District Attorney of York County
45 North George Street
York County Judicial Center
York, PA 17401

<u>Counsel for Appellees</u>
_____

OPINION OF THE COURT
_____

DIAMOND, <u>District Judge</u>.

_____

[*] Honorable Paul S. Diamond, United States District
Judge for the Eastern District of Pennsylvania, sitting by
designation.

Torrey Real appeals from the District Court's denial of his petition for a writ of habeas corpus. 28 U.S.C. § 2254. We granted a certificate of appealability to consider whether Real's trial counsel was ineffective. For the reasons that follow, we affirm.

I.

The District Court had jurisdiction pursuant to 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. § 1291.

II.

On February 4, 1999, the Commonwealth of Pennsylvania charged Appellant with rape, statutory sexual assault, aggravated indecent assault, and corruption of a minor, alleging that Real attacked a twelve-year-old girl in January 1999. On March 18, 1999, Real was also charged with rape and corruption of a minor for attacking a fifteen-year-old girl "on or about December 1996." The victims in these prosecutions were stepsisters. The two cases were consolidated, and trial was scheduled for May 2000 in the York County Common Pleas Court.

In a letter dated December 23, 1999, Real's trial counsel notified the prosecutor and the court that he intended to present military records to establish an alibi for Real with respect to the 1996 rape. See Pa. R. Crim. P. 567 ("A defendant who intends to offer the defense of alibi at trial shall file with the clerk of courts . . . a notice specifying an intention to offer an alibi defense, and shall serve a copy of the notice . . . on the attorney for the Commonwealth.").

3

At trial, the 1996 victim ("B.B.") testified that although she was not certain, she believed that Real assaulted her sometime between November and December 1996. Counsel did not object to this testimony, even though it was arguably inconsistent with the criminal information charging Real, which stated that the attack occurred "on or about December 1996." Rather, defense counsel sought to establish that: (1) both victims had colluded to make false charges against Real; and (2) Real had an alibi – military service – for most of November and December 1996. Accordingly, counsel vigorously cross-examined B.B., suggesting that her inability to remember the date of the assault was not credible. Counsel also presented records showing that Real traveled to South Carolina on November 18, 1996 to begin U.S. Army service and did not return to York until February 1997. Real testified to these same facts.

In their closings, the prosecutor and defense counsel sought to characterize the evidence to their advantage. The prosecutor argued that in light of B.B.'s testimony that the rape might have occurred in November, Real's alibi defense – which covered the period beginning November 18th – was incomplete. Defense counsel argued that Real could not have attacked B.B. because he was performing military service. Counsel also told that jury that B.B. was not credible, especially because she could not recall the date and circumstances of the attack.

The trial court later charged the jury that

in regards to [B.B.], her testimony was she believed [the rape] occurred during the period November, December 1996, although she was not

4

certain of the exact date and, of course, that whole issue as to when it occurred, if you determine that it did occur, and the alibi defense. All of that you will have to reconcile and measure.

But the point here is that you are not bound by any particular or specific date. It is not an essential element of the crime or crimes charged. You may find the Defendant guilty if you are satisfied beyond a reasonable doubt that he committed the crime charged even though you're not satisfied that he committed it on a particular day or at the particular time alleged in the charging documents.

(App. at 87.) Trial counsel did not object to these instructions.

On May 10, 2000, the jury returned a guilty verdict on all but one charge: corruption of a minor in connection with the 1996 attack. On June 19, 2000, the trial court sentenced Real to an aggregate term of ten to twenty years imprisonment. The Pennsylvania Superior Court affirmed, and the Pennsylvania Supreme Court denied *allocatur*. See Commonwealth v. Real, 792 A.2d 1286 (Pa. Super. 2001), *appeal denied*, 831 A.2d 599 (Pa. 2003).

On November 28, 2004, Real filed a timely *pro se* petition in state court under the Post Conviction Relief Act. 42 Pa. Cons. Stat. § 9541. The PCRA Court subsequently appointed counsel, who contended, *inter alia*, that trial counsel was ineffective for failing to object to: (1) B.B.'s testimony that she was raped in November or December 1996, even though the

5

information stated that the rape occurred "on or about December 1996"; and (2) the trial court's alibi instruction. Following an evidentiary hearing, the PCRA Court denied relief on June 6, 2005, and Real appealed to the Superior Court.

On appeal, Real reiterated his contention that trial counsel ineffectively failed to raise the purported variance between the criminal information and B.B.'s testimony. Relying on Commonwealth v. Devlin, the Superior Court affirmed. 333 A.2d 888 (Pa. 1975). In Devlin, the Pennsylvania Supreme Court held that the Commonwealth is required to prove the date on which a crime was committed only to a "reasonable certainty," even when the defendant presents an alibi defense. Id. at 891. The Devlin Court did not create a single test for determining when a variance as to the date of the charged offense might be impermissible, noting instead that "[a]ny leeway permissible [must] vary with the nature of the crime and the age and condition of the victim, balanced against the rights of the accused." Id. at 892. Applying this test to Real's case, the Superior Court balanced the serious nature of the crimes charged, B.B.'s age, and the time that had passed between the attack and B.B.'s testimony against Real's due process rights, concluding that "the variance between the allegations in the criminal information and the proof adduced during trial was reasonable . . . ." (App. at 38.) Accordingly, the Court ruled that trial counsel was not ineffective for failing to raise a meritless variance objection to B.B.'s testimony.

The Court similarly rejected Real's contentions respecting trial counsel's failure to object to the trial court's instructions:

6

The record supports the PCRA court's determination that the trial court properly advised the jury to consider [Real's] alibi defense along with all of the other evidence in determining whether the Commonwealth satisfied its burden of proving beyond a reasonable doubt that [Real] committed the offenses charged. Thus, when read in its entirety, the court's jury instruction clearly, adequately, and accurately reflected the law. As such, [Real's] ineffective assistance of counsel claim lacks arguable merit.

(Id. at 39-40.) Rejecting Real's remaining claims on April 19, 2006, the Superior Court affirmed the denial of PCRA relief.

On April 20, 2007, Real, again acting *pro se*, sought habeas corpus relief in the District Court, alleging that his trial counsel was ineffective for failing to: (1) seek a severance with respect to the 1996 and 1999 attacks; (2) object to the purported variance between B.B.'s testimony and the criminal information; and (3) object to the trial court's jury instruction. 28 U.S.C. § 2254.

On October 29, 2007, the District Court denied relief, concluding that the Superior Court's adjudication of Real's claims did not "result[] in a decision that was contrary to, or involve[] an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d). The District Court also found no basis for the issuance of a certificate of appealability.

On December 3, 2007, Real filed a Notice of Appeal, along with an Application for a Certificate of Appealability. On February 7, 2008, we granted Real a certificate of appealability

7

to consider whether trial counsel was ineffective for failing to object to: (1) the variance between B.B.'s testimony and the criminal information; and (2) the trial court's instruction regarding Real's alibi defense.

III.

Because the District Court denied Real's petition without conducting an evidentiary hearing, our review of the District Court's decision is plenary. Jacobs v. Horn, 395 F.3d 92, 99 (3d Cir. 2005) (citation omitted). Under the Antiterrorism and Effective Death Penalty Act of 1996, we apply the same standards as the District Court:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Marshall v. Hendricks, 307 F.3d 36, 50 (3d Cir. 2002).

8

Real does not challenge the state courts' factual determinations. Rather, he contends that the Superior Court's rejection of his claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," and that he is thus "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2254(a), (d). We do not agree.

## A.

Real argues first that his trial counsel should have raised the variance between B.B.'s testimony and the criminal information. To determine whether a variance violates the Constitution, federal courts look to "whether or not there has been prejudice to the defendant," focusing on the defendant's right to notice and his ability to defend himself at trial. United States v. Asher, 854 F.2d 1483, 1497 (3d Cir. 1988) (internal citations and quotation marks omitted).

> The true inquiry . . . is whether there has been such a variance as to "affect the substantial rights" of the accused. The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense.

Berger v. United States, 295 U.S. 78, 82 (U.S. 1935) (internal citations omitted).

Accordingly, a variance violates the Constitution "only if it is likely to have surprised or otherwise has prejudiced the defense." United States v. Daraio, 445 F.3d 253, 262 (3d Cir. 2006) (citing United States v. Schurr, 775 F.2d 549, 553-54 (3d

9

Cir. 1985)).  Insofar as the <u>Devlin</u> test applied by the Superior Court requires courts to *balance* the rights of the accused against "the nature of the crime and the age and condition of the victim," this test is incompatible with federal law.  <u>Devlin</u> is "contrary to" <u>Berger</u> and related federal decisions, which focus *exclusively* on whether a variance violates the defendant's due process rights.  <u>See</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 405 (2000) ("A state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases.").

The Superior Court's error, however, does not, by itself, warrant the granting of habeas relief.  Rather, where a state prisoner "surmount[s] 2254(d)'s bar to habeas relief" by showing that the state court's decision is "contrary to" federal law, the federal courts must review the prisoner's claim *de novo* under the correct federal standard.  <u>Wiggins v. Smith</u>, 539 U.S. 510, 542 (2003) (citing <u>Williams</u>, 529 U.S. at 393-94, 397, 412).  Applying that standard, we do not believe the "variance" between B.B.'s testimony and the information violated Real's due process rights.  The information stated that B.B.'s rape occurred "on or about December 1996."  "Where 'on or about' language is used, the government is not required to prove the exact dates, if a date reasonably near is established."  <u>United States v. Nersesian</u>, 824 F.2d 1294, 1323 (2d Cir. 1987); <u>accord</u>

<u>United States v. Benson,</u> 591 F.3d 491, 497 (6th Cir. 2010); <u>United States v. Mata</u>, 491 F.3d 237, 243 (5th Cir. 2007); <u>United States v. Reed</u>, 887 F.2d 1398, 1403 (11th Cir. 1989); <u>United States v. Leibowitz</u>, 857 F.2d 373, 379 (7th Cir. 1988).

Our sister Circuits have held that where, as here, the government's evidence proves that an offense was committed within a month of the month specified in an "on or about" indictment or information, the "reasonably near" requirement is satisfied.  <u>See, e.g.</u>, <u>United States v. Portela</u>, 167 F.3d 687, 698 n.7 (1st Cir. 1999) ("The indictment's specification of

10

possession 'on or about' March 1995 reasonably encompasses criminal conduct in April 1995."); United States v. Barsanti, 943 F.2d 428, 438-39 (4th Cir. 1991) (variance of four months did not prejudice the defendant); Nersesian, 824 F.2d at 1323 ("In our view, the government's argument that the date of the actual transaction was possibly July or early August was not an improper material variance from the 'on or about June 1984' date charged in the indictment."); cf. United States v. Ross, 412 F.3d 771, 775 (7th Cir. 2005) ("Four years isn't 'reasonably near.'"). Accordingly, in charging that the 1996 rape took place "on or about December," the Commonwealth necessarily charged that the attack may have occurred in November or January as well. In these circumstances, there was no variance between B.B.'s testimony and the information, and no violation of Real's due process rights.

Moreover, Real has not shown prejudice: trial counsel did not testify at the PCRA hearing that he was surprised by B.B.'s testimony, nor has Real explained how his defense would have been different had the information explicitly stated that the rape occurred in November or December 1996. For this reason as well, we do not believe that the difference between the information and B.B.'s testimony violated Real's federal due process rights. See United States v. Somers, 496 F.2d 723, 746 (3d Cir. 1974) (variance not unconstitutional unless defendant was "so surprised by the proof adduced that he was unable to prepare his defense adequately"); cf. Kokotan v. United States, 408 F.2d 1134, 1138 (10th Cir. 1969) (no prejudice to defendant where proof at trial was within weeks of the specific "on or about" date charged in the indictment). Accordingly, trial counsel was not ineffective for failing to raise a meritless due process objection to the variance between the information and B.B.'s testimony. See Parrish v. Fulcomer, 150 F.3d 326, 328 (3d Cir. 1998) (counsel not ineffective for failing to raise a meritless argument).

11

B.

Real also argues that his trial counsel was ineffective for failing to object to the trial court's alibi instruction. In Real's view, the instruction: (1) did not comport with due process because it "did not clarify for the jury that, in light of [Real's] alibi defense, time was of the essence"; and (2) contravened Pennsylvania law, which provides that the alleged date of occurrence is an essential element of the underlying crime where the defendant presents an alibi. (Appellant's Br. at 45, 48.) We do not agree.

"Habeas relief for a due process violation concerning an absent or defective jury instruction is available only when the absence of an instruction, or a defective instruction, infects the entire trial with unfairness." Albrecht v. Horn, 485 F.3d 103, 129 (3d Cir. 2007) (citing Cupp v. Naughten, 414 U.S. 141, 147 (1973)); see also Henderson v. Kibbe, 431 U.S. 145, 154 (1977) (an improper state court instruction warrants the granting of habeas relief only upon a showing that "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process, not merely [that] the instruction is undesirable, erroneous, or even universally condemned") (internal citations and quotation marks omitted). "The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal." Id.

Although Real contends that his alibi defense made time "essential and of the essence in the underlying case," he offers no supporting authority. (Appellant's Br. at 42.) In fact, other Circuits have expressly "rejected the contention that time becomes a material element of a criminal offense merely because the defense of alibi is advanced." United States v. Creamer, 721 F.2d 342, 343 (11th Cir. 1983) (citing United States v. King, 703 F.2d 119, 123-24 (5th Cir.1983)); see also

12

United States v. Stuckey, 220 F.3d 976, 982 (8th Cir. 2000) ("Time is not a material element of a criminal offense unless made so by the statute creating the offense.") (citations omitted). In these circumstances, Real has failed to demonstrate that the trial court's instruction – which confirmed the Commonwealth's burden of presenting proof of Real's guilt beyond a reasonable doubt – "infect[ed] his entire trial with unfairness." Albrecht, 485 F.3d at 129; see also United States v. Jacobs, 44 F.3d 1219, 1226 (3d Cir. 1995) (no due process violation where instruction, "taken as a whole, adequately conveyed the concept of proof beyond a reasonable doubt").

Nor has Real shown that this instruction violated Pennsylvania law. As the Superior Court noted, the challenged instruction parallels Pennsylvania Suggested Standard Criminal Jury Instruction 3.19, "Date of Crime: Proof of Date Alleged Not Essential." The Superior Court further observed that Pennsylvania trial courts have "broad discretion in phrasing [their] instructions so long as the law is clearly, adequately, and accurately presented to the jury." (App. at 38) (citing Commonwealth v. Miller, 746 A.2d 592, 604 (Pa. 2000)). The Court thus concluded that

> the trial court properly advised the jury to consider [Real's] alibi defense along with all of the other evidence in determining whether the Commonwealth satisfied is burden of proving beyond a reasonable doubt that [Real] committed the offenses charged. Thus, when read in its entirety, the court's jury instruction clearly, adequately, and accurately reflected the law. As such, [Real's] ineffective assistance of counsel claim lacks arguable merit.

(App. at 39-40.)

13

A federal court may re-examine a state court's interpretation of its own law only where this interpretation "appears to be an obvious subterfuge to evade consideration of a federal issue . . . ." Hallowell v. Keve, 555 F.2d 103, 107 (3d Cir. 1977) (internal citations and quotation marks omitted). Because there is nothing in the record to suggest that the Superior Court was attempting "to evade consideration of a federal issue," we must accept that Court's conclusion that the trial court's instruction was consistent with Pennsylvania law. Id. Having done so, we find no basis on which to conclude that this instruction was improper, either under federal due process standards or state law. Accordingly, Real's trial counsel was not ineffective for failing to raise a meritless claim, and the Superior Court's denial of PCRA relief was neither "contrary to, [n]or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d); see also Parrish, 150 F.3d at 328 (counsel not ineffective for failing to raise a meritless argument).

IV.

For the reasons stated, we will affirm the judgment of the District Court.

14