NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4111
_____

UNITED STATES OF AMERICA

v.

ANTOINE DOBSON, a/k/a ANT

Antoine Dobson,
                                        Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 2-08-cr-00779-001)
District Judge:  Honorable Peter G. Sheridan

_____

Submitted Under Third Circuit LAR 34.1(a)
November 16, 2011

_____

Before: FUENTES, CHAGARES, Circuit Judges,
and RESTANI,* Judge

(Filed: December 7, 2011)

_____

OPINION OF THE COURT

_____

---

* Honorable Jane A. Restani, Judge of the United States Court of International Trade, sitting by designation.

RESTANI, Judge.

Appellant Antoine Dobson appeals his conviction for, inter alia, disposing of a firearm and ammunition to a person convicted of a felony, as well as his sentence of forty-five months imprisonment.[1]  Dobson alleges the District Court erred by, 1) admitting irrelevant and unfairly prejudicial evidence at trial, 2) providing improper jury instructions, which permitted the government to prejudicially vary its proof at trial, 3) enhancing his sentence for abuse of public trust, 4) enhancing his sentence for providing the weapon with the belief it would be used in a felony, and 5) unreasonably sentencing him.  For the following reasons, we will affirm the District Court's judgment.

Because we write for the parties, we recount only the essential facts and procedural history.[2]  We presume familiarity with our prior decision.  United States v. Dobson, 380 F. App'x 170 (3d Cir. 2010).  In November 2007, Dobson—a Deputy U.S. Marshal at the time—acquired a .40 caliber Glock 27, for which he had received authorization but had not yet been trained to carry, through his position in the United States Marshals Service.

---

[1] Dobson does not appeal his conviction for perjury.

[2] Dobson contends that his acquittal on three of four counts of perjury may be used to conclude that certain facts were not proven by the Government at trial.  We previously rejected a permutation of this argument.  Last year, Dobson argued that his acquittal on the three counts of perjury demonstrated that "'[t]here can be no doubt that the [Government] had failed to establish beyond a reasonable doubt a fundamental allegation of its case—that Langforddavis had possession of Mr. Dobson's newly purchased firearm on January 5, 2008' because the jury 'completely rejected the allegation in two counts of the indictment.'"  United States v. Dobson, 380 F. App'x 170, 179 (3d Cir. 2010) (quoting Br. of Appellee 17).  We determined that there was "no requirement that a jury's verdict be consistent," id. (quoting United States v. Mussare, 405 F.3d 161, 167 (3d Cir. 2005)), and "[i]t was not the province of the courts to 'inquir[e] into a jury's thought process,'" id. (quoting United States v. Powell, 469 U.S. 57, 67 (1984)).

2

At some point prior to January 18, 2008, Larry Langforddavis, Dobson's friend and a convicted felon, acquired Dobson's Glock 27, perhaps multiple times. On the evening of January 4, 2008, Dobson was celebrating his birthday at the Jersey Girls Entertainment Club. Langforddavis entered the club without being searched because he had been incorrectly introduced to the club's employees as a law enforcement officer. Dobson sustained injuries after being assaulted outside the club on the morning of January 5. Dobson and Langforddavis spoke briefly before Langforddavis got into a car and chased after the assailants. Langforddavis returned twenty minutes later, proclaiming that he "got them" and had "sprayed the vehicle." Dobson replied that he "wanted his gun." Langforddavis later went to visit Dobson in the hospital, at which time Langforddavis showed several officers a gun, which appeared to be a Glock, holstered to his leg. On January 18, 2008, Dobson and Langforddavis became heavily intoxicated together at Slick's Tavern. Langforddavis drove Dobson to a diner where he left Dobson in the care of another friend. When Dobson got home, he called Langforddavis and told him to bring the gun back and not to leave the gun in the car overnight. Langforddavis, however, proceeded to Jersey Girls to pick up his girlfriend and upon arriving strapped the gun to his leg and exited the car. Police officers, who were already at the club for other reasons, arrested Langforddavis and confiscated the gun, later identified as Dobson's Glock 27. Dobson was indicted on one count of disposing of a firearm and ammunition to a person convicted of a felony under 18 U.S.C. §§ 922(g)(1), 924(a)(2), and one count of aiding and abetting the same, as well as four counts of perjury. The jury convicted Dobson on

3

one count of disposing of a firearm and ammunition to a person convicted of a felony and one count of perjury for lying about his knowledge of whether Langforddavis was carrying a gun on January 5, 2008. The District Court set aside the perjury conviction, but we reinstated it. Dobson, 380 F. App'x at 180. In October 2010, Dobson was sentenced to forty-five months in prison. Dobson now appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) to review the final judgment of the U.S. District Court. Because defendant concedes he failed to raise his evidentiary claim before the District Court, we review for plain error. See United States v. Christie, 624 F.3d 558, 567 (3d Cir. 2010). We review challenges to jury instructions and based on variance not raised before the district court for plain error.[3] United States v. Williams, 464 F.3d 443, 445 (3d Cir. 2006); United States v. Daraio, 445 F.3d 253, 259 (3d Cir. 2006). The district court's interpretation of the United States Sentencing Guidelines is reviewed de novo, while determinations of sentencing facts are reviewed for clear error and the application of facts to the sentencing guidelines are reviewed for abuse of discretion. United States v. Aquino, 555 F.3d 124, 127 (3d Cir. 2009); United States v. Tupone, 442 F.3d 145, 149 (3d Cir. 2006).

Dobson alleges that the District Court erred in admitting statements by a witness into evidence because the statements were irrelevant and unfairly prejudicial to Dobson.

---

[3] Dobson alleges that his jury instruction claim was "partially raised" before the District Court. Dobson cites no part of the appendix or record—nor do we find any—to support this allegation. We therefore find that Dobson failed to raise his jury instruction challenge before the District Court and we review his claim for plain error.

4

"Evidence which is essentially background in nature can scarcely be said to involve a disputed matter, yet it is universally offered and admitted as an aid to understanding." Fed. R. Evid. 401, Comm. Notes. Here, Officer Paul Pereira—who interviewed Dobson in the hospital on January 6—testified that he knew Dobson "was on the job with the U.S. Marshals from previous run-ins throughout the city where me and him had spoken before he had identified himself." App. to Br. of Appellant at 109–10. When asked if Dobson had been in uniform at the time, Pereira responded that Dobson had not been and that Pereira had met Dobson "at either Jersey Girls Go-Go lounge and he also frequents a Cinderella Go-go Lounge." App. to Br. of Appellant at 110. The statements are relevant as background information and do not imply any illegal or deviant activity. In this context, "run-ins" does not mean nefarious or illegal infractions on Dobson's part, as Dobson alleges, but rather chance encounters between two individuals. That Dobson frequented strip clubs was not unfairly prejudicial information where the jury heard that he went to a strip club for his birthday. Thus, the District Court did not plainly err in admitting Pereira's statements.

Dobson also alleges that prejudicial variance occurred because the government failed to prove—and the District Court instructed the jury that it was required to find only—that Langforddavis continually possessed Dobson's gun from January 5 until January 19. "Where 'on or about' language is used, the government is not required to prove the exact dates, if a date reasonably near is established." Real v. Shannon, 600 F.3d 302, 308 (3d Cir. 2010) (internal quotation marks and citations omitted) (finding no

5

variance where the indictment charged the crime to have been committed in December, but the crime may have occurred in November or January). Here, the judge issued instructions substantively identical to the our model jury instructions. 3d Cir. Model Jury Instructions § 3.08. Comments to those jury instructions clarify that "a variance in proof of a date is not material in the absence of some specific evidence of prejudice." 3d Cir. Model Jury Instructions § 3.08, Cmt. (quoting United States v. Schurr, 775 F.2d 549, 558 (3d Cir. 1985)). The jury could have found that Dobson placed the gun into Langforddavis's control at any point during—or even slightly before or after—the time period set forth in the indictment so long as Dobson was not unfairly prejudiced. Thus, there is no plain error as to variance in the government's proof at trial or the related jury instruction.

Dobson also challenges his sentence, arguing that the District Court erred in enhancing his sentence for abuse of public trust under U.S. Sentencing Guidelines Manual § 3B1.3. Abuse of public trust requires that the defendant, 1) be in a position of trust, and 2) abuse that position. United States v. Sherman, 160 F.3d 967, 969 (3d Cir. 1998). The factors for determining whether a position of trust exists are: 1) the position allows defendant to commit a difficult-to-detect wrong, 2) the degree of authority which the position vests in the defendant vis-a-vis the object of the wrongful act, and 3) whether the public relied on the integrity of the person occupying the position. Id. The District Court found at sentencing that Dobson abused his position when he gave his gun to Langforddavis, and record evidence permits this conclusion. Dobson's sweeping

statement that "it is common knowledge that it would have been easier for Langforddavis and/or appellant to purchase a weapon on the streets of Newark or Elizabeth than it was for appellant to lawfully purchase it," is unsupported by any record evidence, and likely irrelevant. Because of his position Dobson lawfully possessed a gun, was trusted by establishments he frequented, was not subject to searches for illegal or dangerous weapons, and could easily transfer his gun to another. Thus, the District Court did not abuse its discretion in enhancing Dobson's sentence based on Dobson's abuse of public trust.[4]

Dobson asserts that the District Court erred in enhancing his sentence on the basis that he provided the weapon with the belief it would be used in a felony. The Sentencing Guidelines provide: "If the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by **4** levels." U.S. Sentencing Guidelines Manual § 2K2.1(b)(6). Here, the District Court found that Dobson had extensive knowledge of Langforddavis's criminal past. Furthermore, Langforddavis's actions on the morning of January 6 confirm this, as Langforddavis ran

---

[4] Dobson seems to argue that the abuse of the position of trust must have a "victim" and because no definable victim exists in the instant case, the judge erred in applying the sentencing enhancement. See United States v. Hickman, 991 F.2d 1110, 1112 (3d Cir. 1993) ("To abuse a position of trust, a defendant must, by definition, have taken criminal advantage of a trust relationship between himself and his victim"). Dobson has inflicted a definite harm on the general public in permitting a convicted felon to carry a firearm authorized for use by a Deputy U.S. Marshal. That is sufficient.

off after the assailants, returning to triumphantly declare to an apparently unshocked Dobson that he had "got them" and had "sprayed the vehicle" with bullets. A finder of fact could infer Langforddavis's actions were not a surprise to Dobson. Thus, the District Court did not abuse its discretion in finding that Dobson had provided a weapon with the belief that it would be used in a felony.

Dobson argues that the District Court erred by unreasonably sentencing the defendant and failing to rely on 18 U.S.C. § 3553(a) factors. Specifically, Dobson asserts that the District Court did not examine factors one and two by failing to consider Dobson's mother's illness and death, Dobson's military service, the need to focus on rehabilitation, and the cost to Dobson's future opportunities. After hearing from Dobson, family members and friends, reading letters, and reviewing Dobson's criminal and professional records, the District Court commented on the severity of the offense, the need to protect the public, Dobson's care for his ailing mother, and the need for a sufficient but not excessive sentence. The District Court then sentenced Dobson to forty-five months, within the lower half of the forty-one to fifty-one sentence range. Dobson's claim that the District Court failed to address certain § 3553(a) factors is directly contradicted by the record. Because the District Court considered and discussed the relevant § 3553(a) factors and sentenced Dobson within the middle of the Guideline range based on facts which do not appear to be beyond the Guideline heartland, we cannot say Dobson's due process rights were violated or that no reasonable sentencing court would have imposed the same sentence.

Accordingly, we will affirm the District Court's judgment.