JORDAN, Circuit Judge,
dissenting in part.
I join my colleagues’ well-reasoned opinion in all but one important respect. By all accounts, no evidence was presented at trial of the specific offense set forth in Count 42 of the indictment, so I must dissent as to Part II.C. of the Majority Opinion.
Count 42 states in its entirety:
On or about May 5, 2013, in the District of,the United States Virgin Islands and elsewhere, Defendant, WALTER HILL, knowingly and intentionally used a communication facility in committing, causing, and facilitating the commission of an act and acts constituting a drug trafficking felony under Federal law; namely, WALTER HILL used a telephone in order to cause and facilitate a conspiracy to possess with intent to distribute cocaine, and to possess with intent to distribute cocaine; and aided and abetted the same; as follows:
COUNT DATE TIME CALL NUMBER
Forty-Two May 5,2013 17:01 5463
All in violation of Title 21, United States Code, Sections 843(b) and (d)(1), and Title 18, United States Code, Section 2.
(App. at 22-23.)
The record contains nothing to show that Hill used a phone on May 5th, let alone that he used one at 5:01p.m. on that day and did so to facilitate a drug trafficking felony. The only evidence of Hill using a telephone to further such a crime was a call that, according to an informant’s testimony, occurred almost two weeks later, on May 17th. I view that wide disparity between the charge and the evidence as a variance amounting to a constructive amendment of the indictment, which thus warrants vacatur of the conviction on Count 42. To affirm the conviction based on evidence of a phone call that occurred twelve days after the date charged in the indictment, my colleagues read Hill’s legal arguments too narrowly and our past precedent too broadly.
First, as to Hill’s legal arguments, the Majority does not credit Hill with having preserved his claim concerning the government’s failure of proof. My colleagues say that the issue of an impermissible variance *146 was never raised in the District Court or in Hill’s Opening Brief on appeal. But Hill did raise a sufficiency-of-the-evidence challenge, both in the District Court and before us. (See Supp. App. 611 (“I also am going to make a Rule 29 motion that the government has not proven its case against my client, Mr. Walter Hill.”);[1] Opening Br. at 18-23 (arguing the evidence was insufficient on Count 42 because there was no proof of any phone call made by Hill on the date charged in the indictment).) That kind of challenge encompasses the argument that the evidence was insufficient because it varied materially from the charge set forth in the indictment. See United States v. Miller, 527 F.3d 54, 69-70 (3d Cir. 2008) (reviewing a sufficiency of the evidence challenge to determine whether there was an impermissible variance); United States v. Lee, 359 F.3d 194, 207 (3d Cir. 2004) (same). As a well-known treatise puts it, a motion for judgment of acquittal based on the argument that “the evidence is insufficient to sustain a conviction” includes a claim that there has been “a hopeless variance in the proof.” 7 Charles Alan Wright and Peter J. Henning, Fed. Prac. & Proc. Crim. § 466 (4th ed. 2016) (internal citations and footnotes omitted). I therefore cannot agree that the issue was forfeited.
Because Hill adequately preserved his objection to the discrepancy between charge and proof, we should give plenary review to his claim of error, see United States v. Vosburgh, 602 F.3d 512, 531 (3d Cir. 2010) (‘We exercise plenary review over properly preserved claims of constructive amendment or variance.”) (citation omitted), and should thus be prepared to vacate the conviction on Count 42, if he has' shown that there is a constructive amendment.[2] See United States v. Daraio, 445 F.3d 253, 262 (3d Cir. 2006) (applying harmless error review to constructive amendments).
Turning to the merits of the issue, when the evidence at trial differs materially *147 from the facts alleged in the indictment, the discrepancy is called a variance. United States v. Beeler, 587 F.2d 340, 342 (6th Cir. 1978). Ordinarily, “a variance can result in a reversible error only if it is likely to have surprised or otherwise has prejudiced the defense.” Daraio, 445 F.3d at 262 (citing United States v. Schurr, 775 F.2d 549, 553-54 (3d Cir. 1985)). There is a point, however, at which a variance becomes a constructive amendment of the indictment. See 3 Charles Alan Wright and Sarah N. Welling, Fed. Prac. & Proc. Crim. § 516 (4th ed. 2011) (“The distinction between variances and constructive amendments is a matter of degree[.]”). That point is when the discrepancy between the charged offense and the trial evidence is so extensive that it creates a “substantial likelihood that the jury may have convicted the defendant for an offense differing from the offense the indictment returned by the grand jury actually charged.” Vosburgh, 602 F.3d at 532 (internal quotation marks and citation omitted). Unlike less drastic variances, “[cjonstruc-tive amendments ‘are per se reversible under harmless error review[.]’ ” Daraio, 445 F.3d at 260 (quoting United States v. Syme, 276 F.3d 131, 136 (3d Cir. 2002) (first alteration in Daraio)).
In this case, the evidence presented at trial certainly varied from the terms of the indictment. Hill was specifically charged in Count 42 with using a telephone to facilitate a drug crime by making a call on May 5, 2013 at exactly 5:01pm. But even the government admits that the proof at trial only involved an informant’s testimony of a call made twelve days later. The question is whether that variance is so significant that it could be said to modify the essential terms of the charged offense and thus constitute a constructive amendment of the indictment.[3]1 think the answer to that has to be yes. We have held that when “the grand jury identifies specific dates for an offense ... it is reasonable to assume that the grand jury was indicting the defendant for acts occurring on the specific dates charged.” United States v. Somers, 496 F.2d 723, 745 (3d Cir. 1974). We have also said that when the grand jury “specifically confines its allegations of the defendant’s wrongdoing to [specific dates] ... the defendant cannot be subjected ‘to prosecution for [conduct] which the grand jury did not charge.’ ” United States v. Critchley, 353 F.2d 358, 361-62 (3d Cir. 1965) (quoting Stirone v. United States, 361 U.S. 212, 274, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960)).
Those precedents are still controlling and are consistent with our more recent cases, which establish that the “key inquiry” in ascertaining whether a constructive amendment has occurred is to determine “whether the defendant was convicted of the same conduct for which he was indicted.” Vosburgh, 602 F.3d at 532 (quoting Daraio, 445 F.3d at 260). When a defendant is indicted for a phone call occurring on a certain date at a certain time, but he is convicted based on evidence of a different phone call occurring at a very different date and time, it is clear that the defendant was not “convicted of the same con *148 duct for which he was indicted.” [4] Id. Such a variance constitutes a constructive amendment that is per se reversible. Id.; see also Critchley, 353 F.2d at 362 (overturning conviction where government proved conduct occurring “approximately one week earlier” than specific dates charged in the indictment).
The Majority tries to avoid that conclusion by relying on the government’s deployment of the phrase “on or about” at the outset of the charge. My colleagues note that we do not require the government “to prove exact dates when it charges that a crime occurred ‘on or about’ a certain date.” (Majority at 144 n.3 (quoting Real v. Shannon, 600 F.3d 302, 308 (3d Cir. 2010).) It is true that, “[b]y the use of the qualifying phrase ‘on or about’, the grand jury indicates its unwillingness to pinpoint the date of the offense charged[,]” and so “[w]e will not particularize by a per se rule what the grand jury leaves vagu[e].” Somers, 496 F.2d at 745. But in this instance the grand jury was not vague. It was specific down to the minute. It charged Hill with using a telephone to facilitate a. drug crime on the “DATE” of “May 5, 2013” at the “TIME” of “17.01.” (App. at 23.) That language does not indicate an “unwillingness to pinpoint the date of the offense.” Somers, 496 F.2d at 745. On the contrary, the grand jury was exceedingly specific, and the reason is obvious: the government had surely provided to the grand jury evidence of a call by Hill on that date and at that time, a call that the government believed it could prove was in furtherance of the charged drug conspiracy. But that evidence was never presented at trial. Whether the failure of proof was deliberate or accidental is immaterial. The failure remains.
When a grand jury is so specific as to the date and time of an offense, but the government varies from that timing by twelve days in its proof at trial, the phrase “on or about” cannot hide the problem. To say it does gives a potency to those words that is not-warranted by a sound reading of our precedent. The government framed the charge in Count 42. It did not have to be specific, but it chose to be. The grand jury was presented with evidence that prompted it, in turn, to be specific. The defendant was then put on notice of that specific offense and had the right to prepare his defense to meet that charge, not some different one.
The government’s failure to adduce any evidence at trial of the specific phone call that ⅛ the sole subject of Count 42 should seriously “undermine our confidence in the belief that the defendant was convicted of the crime charged by the grand jury.” Somers, 496 F.2d at 746. When the government chooses to be specific, it should not be permitted to tack on the phrase “on or about” as a means to loosen its own burden and circumvent the defendant’s right to be protected from prosecution for a crime which the grand jury did not charge. Critchley, 353 F.2d at 362. The “variation here destroyed the defendant’s substantial right to be tried only on charges presented in an indictment returned by a grand jury. Deprivation of such a basic right is far too serious to be treated as nothing more than a variance and then dismissed as harmless *149 error.” Stirone, 361 U.S. at 217, 80 S.Ct. 270.[5]
I would therefore vacate the conviction on Count 42 and remand for the District Court to enter a judgment of acquittal on that count.

. Federal Rule of Criminal Procedure 29 permits a defendant to “move for a judgment of acquittal” without stating specific grounds for that motion. As a result, the general consensus is that a broadly stated motion for acquittal is "sufficient to preserve the full range of challenges, whether stated or unstated, to the sufficiency of the evidence.” United States v. Hammoude, 51 F.3d 288, 291 (D.C. Cir. 1995); see also United States v. Marston, 694 F,3d 131, 134 (1st Cir. 2012) (recognizing that Rule 29 permits general objections, which preserve the "full range of challenges” on appeal); United States v. Gjurashaj, 706 F.2d 395, 399 (2d Cir. 1983) ("the defendant need not specify the ground of the motion in order to preserve a sufficiency claim for appeal”) (citations omitted); United States v. Cox, 593 F.2d 46, 48 (6th Cir. 1979) (stating that a Rule 29 motion need not specify the grounds for acquittal in order for the issue of the sufficiency of the evidence to be properly before the appellate court).
The Majority views Hill’s motion as one based specifically on prejudicial evidence and therefore concludes that any basis other than prejudicial evidence is foreclosed. While it is true that, after making a general motion for acquittal, Hill's counsel raised the issue of prejudicial evidence, prejudicial evidence cannot form the basis for a motion for judgment of acquittal—only a claim that evidence is insufficient (including because it hopelessly varied) can form the basis for such a motion. 7 Charles Alan Wright and Peter J. Henning, Fed. Prac. & Proc. Crim. § 466 (4th ed. 2016). The argument about prejudice must thus be seen as additional to, not instead of, the sufficiency-of-the-evidence claim inherent in a Rule 29 motion. The language of the motion itself was general and that was sufficient to preserve further claims on appeal, regardless of the evidentiary argument that followed.

. Even if Hill had not preserved his claim of error, a variance amounting to a constructive amendment would still be "presumptively prejudicial under plain error review[,]” United States v. Daraio, 445 F.3d 253, 262 (3d Cir. 2006), and the government has done nothing to rebut that presumption.

. Even if the disparity between what was charged and what was proven did not amount to a constructive amendment and therefore was only a variance, a sound argument can be made that it would nonetheless require reversal because it affected Hill’s substantial rights by allowing him to be convicted of a crime which the indictment did not adequately announce. Cf. United States v. De Cavalcante, 440 F.2d 1264, 1269 n.4 and accompanying text (3d Cir. 1971) (indicating that the Sixth Amendment right to be “informed of the nature and cause of the accusation” is implicated when a defendant is not put on notice of the crime charged (quoting U.S. Const. amend. VI)). Because I am persuaded that the variance here does amount to a constructive amendment, that is the focus of my attention.

. It is important to note that, while this case involves a drug conspiracy, Count 42 is not a conspiracy charge and we are not considering whether the May 17 call is simply a different overt act in support of the conspiracy. Count 42 charges a very specific use of a communication facility in furtherance of a drug trafficking felony, namely a conspiracy, in violation of 21 U.S.C. §§ 843(b) and (d)(1), along with an aiding and abetting charge. According to § 843(b), "[e]ach separate use of a communication facility shall be a separate offense under this subsection.”

. Again, even if this were not a constructive amendment, but an ordinary variance, it would still require vacatur because of the risk of double jeopardy. Hill was both charged with and found guilty of "knowing[] and intentional use of a communication facility in committing, causing, and facilitating the commission of an act or acts of drug trafficking, occurring on May 5, 2013, at 17:01[.]” (Jury Verdict, D.E. 637 at pg. 4.) He was neither charged with nor convicted of a call occurring on May 17, 2013. Thus, the government could charge him for the same statutory violation in the future but actually get the date of the call right. Such .an indictment would appear to present an entirely separate act and offense from the May 5, 2013 call on which Hill was indicted and convicted in this case. Because Hill could, in theory, be tried again for that same May 17, 2013 phone call, we should vacate his conviction on Count 42 even if it is only a variance because it is one that affects his substantial rights. See United States v. Adams, 759 F.2d 1099, 1110 (3d Cir. 1985) (recognizing that a variance affects substantial rights when it presents the "potential for a double jeopardy problem”); United States v. Adamo, 534 F.2d 31, 39 (3d Cir. 1976) (same); see also Indictments, 45 Geo. L.J. Ann. Rev. Crim. Proc. 323, 362 (2016) (explaining a variance requires reversal when it "constitutes a separate offense (exposing the defendant to double jeopardy)”).