

1998 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-31-1998

# Parrish v. Fulcomer

Precedential or Non-Precedential:

Docket 98-1010

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1998

Recommended Citation

"Parrish v. Fulcomer" (1998). *1998 Decisions*. Paper 181.
http://digitalcommons.law.villanova.edu/thirdcircuit_1998/181

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1998 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed July 31, 1998

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 98-1010

ROSCOE PARRISH,
        Appellant

v.

THOMAS FULCOMER, WARDEN, SCI HUNTINGDON;
THE DISTRICT ATTORNEY OF THE COUNTY OF
PHILADELPHIA; THE ATTORNEY GENERAL OF THE
STATE OF PA

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
D.C. No. 97-cv-02553

Argued June 4, 1998

Before: SCIRICA, NYGAARD and SEITZ, Circuit Judges

(Opinion Filed: July 31, 1998)

        Norris E. Gelman (ARGUED)
        Suite 750, 6th and Walnut Streets
        The Curtis Center
        Philadelphia, PA 19106

        Counsel for Appellant

        Marilyn F. Murray (ARGUED)
        Office of the District Attorney
        1421 Arch Street
        Philadelphia, PA 19102

        Counsel for Appellees

OPINION OF THE COURT

NYGAARD, Circuit Judge.

Petitioner Roscoe Parrish waived his right to a jury trial in return for the Commonwealth of Pennsylvania's agreement not to seek the death penalty. He was convicted of first degree murder and criminal conspiracy and was sentenced to life in prison. In his petition for a writ of habeas corpus and before us, Parrish argues that waiver of his federal constitutional right to a jury trial, induced by the prosecution's pledge not to seek the death penalty, violated his federal constitutional right to due process. He further contends that his trial counsel was ineffective "for failing to secure a valid constitutional waiver of a jury trial colloquy, for participating and advising [Parish] in such negotiations, and for allowing the trade-off to even be a factor in the decision to waive or not to waive trial by jury," Pet'r Br. at 12, and for failing to raise this issue on direct appeal. The Petitioner has exhausted all of his available state remedies on each of his claims for relief. See 28 U.S.C. S 2254(b); Rose v. Lundy, 455 U.S. 509, 102 S. Ct. 1198 (1982).

It is axiomatic that Parrish is entitled to reasonably effective assistance of counsel. Nonetheless, a defendant is only entitled to habeas relief if he can establish that counsel's ineffectiveness resulted in some harm or prejudice. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2964 (1984). This applies to representations made during the plea process as well as the trial process. Hill v. Lockart, 474 U.S. 52, 58, 106 S. Ct. 366, 370 (1985); see also Bivens v. Brosse, 28 F.3d 62, 63 (8th Cir. 1994). The legal component of an ineffective assistance of counsel claim in the habeas context is subject to plenary review. McAleese v. Mazurkiewicz, 1 F.3d 159, 165 (3d Cir. 1993). In reviewing counsel's performance, our scrutiny must be "highly deferential," and not "second-guess counsel's assistance after conviction." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. Specifically, we must "judge the reasonableness of counsel's challenged conduct on the facts

2

of the particular case, reviewed as of the time of counsel's conduct." Id. at 690, 104 S. Ct. at 2066; Sistrunk v. Vaughn, 96 F.3d 666, 670 (3d Cir. 1996).

Parrish argues that United States v. Jackson, 390 U.S. 570, 88 S. Ct. 1209 (1968), supports his argument that waiver of the federal constitutional right to a jury trial, when induced by the prosecution's pledge not to pursue the death penalty, violates due process. We do not agree. In Jackson, the Court examined the Federal Kidnaping Act, which provided for the death penalty only after a jury trial. 390 U.S. at 571, 88 S. Ct. 1210. Under that provision, a defendant who waived a jury trial was assured that he would not be executed. Id. at 582, 88 S. Ct. at 1216. The Court held that the inevitable effect of the provision was to excessively deter the exercise of the Sixth Amendment right to demand a jury trial, and found the capital punishment provision of the Act unconstitutional. Id.

The Court explicitly limited Jackson two years later in Brady v. United States, 397 U.S. 742, 90 S. Ct. 1463 (1970):

> "We decline to hold, however, that a guilty plea is compelled and invalid under the Fifth Amendment whenever motivated by the defendant's desire to accept the certainty or probability of a lesser penalty rather than face a wider range of possibilities extending from acquittal to conviction and a higher penalty authorized by law for the crime charged."

Id. at 751, 90 S. Ct. at 1470. Although Brady involved a plea of guilty rather than a waiver of right to a jury trial, the Court noted that a guilty plea involves the waiver of the right to a jury trial as well as the waiver of the right not to incriminate oneself. Id. at 748, 90 S. Ct. at 1469. The Court explicitly held that "a plea of guilty is not invalid merely because entered to avoid the possibility of a death penalty." Id. at 755, 90 S. Ct. at 1472. Indeed, the Court made clear in North Carolina v. Alford that "Jackson established no new test for determining the validity of guilty pleas. The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." 400 U.S. 25, 31, 91 S. Ct. 160, 164 (1970).

3

Here, as in Brady, there is no allegation that the Commonwealth threatened prosecution on a charge not justified by the evidence, nor threatened a more onerous penalty than indicated by the facts for the purpose of obtaining an unfair advantage in negotiating with Parish's counsel. Brady, 397 U.S. at 751 n.8, 90 S. Ct. at 1470 n.8. That being the case, counsel was not ineffective for"failing to secure a valid constitutional waiver of a jury trial colloquy, for participating and advising [Parish] in such negotiations, and for allowing the trade-off to even be a factor in the decision to waive or not to waive trial by jury." Pet'r Br. at 12. It follows that we do not deem it ineffective assistance for counsel to have so proceeded. And on direct appeal, counsel assistance does not become ineffective by failing to raise an issue when convincing Supreme Court case law shows it to be without merit. See Moore v. Deputy Comm'rs of SCI Huntingdon, 946 F.2d 236, 245 (3d Cir. 1991) (holding that trial counsel was not ineffective for failure to object to charge that he was justified on basis of evidence).

In sum, the district court followed these standards and denied the petitioner relief. We will affirm.

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit

4