IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41117
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOAQUIN MALDONADO-OLIVAS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-98-CR-98-1
--------------------
December 6, 1999

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.
PER CURIAM:[*]

Joaquin Maldonado-Olivas appeals his sentence following his guilty-plea conviction for illegal reentry into the country after having been previously deported. Maldonado argues that the district court erred by enhancing his offense level by 16 for a prior aggravated felony. He contends that his prior offense of transporting undocumented aliens is not the same as alien smuggling and that the prior offense was not an aggravated felony under 8 U.S.C. § 1101(a)(43)(N).

In cases involving a conviction for unlawful reentry into the United States, the defendant's offense level is increased by

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

16 levels if the defendant previously was deported after a conviction for an aggravated felony. § 2L1.2(b)(1)(A). The application notes to § 2L1.2 refers to 8 U.S.C. § 1101(a)(43) for the definition of an aggravated felony. Under § 1101(a)(43)(N) an "aggravated felony" includes "an offense described in paragraph (1)(A) or (2) of section 1324(a) of this title (relating to alien smuggling)[.]"

In United States v. Monjaras-Castaneda, 150 F.3d 326, 1999 WL 721879 (5th Cir. Sept. 16, 1999), the court held that the parenthetical "(relating to alien smuggling)" was only descriptive of the type of offenses covered in § 1101(a)(43) and that the offense of alien transportation was not excluded from the definition of an aggravated felony. Maldonado's argument is without merit.

AFFIRMED.